1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6
7
8
9
10
11
12

| | |
|---|---|
| VICKY A. HOYT,<br><br>       Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Commissioner of<br>Social Security,<br><br>       Defendant. | Case No. 3:12-cv-06080-KLS<br><br>ORDER AFFIRMING DEFENDANT'S<br>DECISION TO DENY BENEFITS |

13
14
15
16
17
18
19

   Plaintiff has brought this matter for judicial review of defendant's denial of plaintiff's

applications for disability insurance and supplemental security income ("SSI") benefits.

Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the

parties have consented to have this matter heard by the undersigned Magistrate Judge.  After

reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons

set forth below, defendant's decision to deny benefits should be affirmed.

20

FACTUAL AND PROCEDURAL HISTORY

21
22
23
24
25
26

   On December 14, 2005, plaintiff filed an application for disability insurance benefits and

another one for SSI benefits, alleging in both applications that she became disabled beginning

December 5, 2004, due to various mental disorders including anxiety, chronic depression, a

bipolar disorder, and an obsessive compulsive disorder, kidney stones, gastroesophageal reflux

disease, and seizures. See ECF #10, Administrative Record ("AR") 100, 321.  Both applications

were denied upon initial administrative review on May 11, 2006, and on reconsideration on

ORDER - 1

August 11, 2006. <u>See</u> AR 100.

A hearing was held before an administrative law judge ("ALJ") on August 26, 2008, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. <u>See</u> AR 17-58.  In a decision dated September 30, 2008, the ALJ determined plaintiff to be not disabled. <u>See</u> AR 100-110.  On June 22, 2009, plaintiff's request for review of the ALJ's decision was granted by the Appeals Council, which vacated the ALJ's decision and remanded the matter for further administrative proceedings, including if warranted the obtaining of "supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on [plaintiff's] occupational base." AR 114; <u>see</u> <u>also</u> AR 111, 113-15.

On remand a second hearing was held before a different ALJ on May 9, 2011, at which plaintiff, represented by counsel, appeared and testified, as did a medical expert and a different vocational expert. <u>See</u> AR 59-92.  In a decision dated May 13, 2011, that ALJ also determined plaintiff to be not disabled. <u>See</u> AR 121-37.  Plaintiff's request for review of the second ALJ's decision was denied by the Appeals Council on October 26, 2012, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). <u>See</u> AR 1; 20 C.F.R. § 404.981, § 416.1481.

On January 2, 2013, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. <u>See</u> ECF #3.  The administrative record was filed with the Court on April 15, 2013. <u>See</u> ECF #10.  The parties have completed their briefing, and thus this matter is now ripe for the Court's review.  Plaintiff argues the Commissioner's final decision should be reversed and remanded for further administrative proceedings, because the ALJ erred: (1) in finding she could perform her past relevant work as a hotel maid; and (2) in failing to offer legally sufficient reasons for rejecting the opinion of treating physician Antonio Gutierrez, M.D.

ORDER - 2

For the reasons set forth below, however, the Court disagrees that the ALJ erred in determining plaintiff to be not disabled, and therefore finds that defendant's decision to deny benefits should be affirmed.

<u>DISCUSSION</u>

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. <u>Hoffman v. Heckler</u>, 785 F.2d 1423, 1425 (9th Cir. 1986); <u>see also</u> <u>Batson v. Commissioner of Social Security Admin.</u>, 359 F.3d 1190, 1193 (9th Cir. 2004); <u>Carr v. Sullivan</u>, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing <u>Brawner v. Secretary of Health and Human Services</u>, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (citation omitted); <u>see also</u> <u>Batson</u>, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." <u>Sorenson v. Weinberger</u>, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. <u>Allen v. Heckler</u>, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting

ORDER - 3

1    Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

2    I.    The ALJ's Determination Regarding Plaintiff's Past Relevant Work

3    The first ALJ in this case determined that plaintiff was unable to perform any of her past

4    relevant work.  See AR 108.  The second ALJ, however, did find plaintiff to be capable of

5    performing her past relevant work as a hotel maid.  See AR 136.  That ALJ did so based on the

6    testimony of the second vocational expert made in response to a hypothetical question that in

7    turn corresponded with the ALJ's assessment of plaintiff's residual functional capacity.  See AR

8    91, 127, 136.  Plaintiff argues the ALJ erred here by failing to explain the discrepancy between

9

10   his finding concerning her past relevant work and that of the first ALJ.

11   But the Court agrees with defendant that there is no requirement that a subsequent ALJ

12   adopt the findings of a prior ALJ.  This is particularly true where as in this case the Appeals

13   Council vacated the prior ALJ's decision, and expressly directed the second ALJ on remand to

14   obtain if warranted "supplemental evidence from a vocational expert to clarify the effect of"

15   plaintiff's "assessed limitations on [her] occupational base."  AR 114.  Plaintiff has not argued,

16   let alone shown, that the additional proceedings conducted on remand did not warrant obtaining

17   further vocational expert testimony.  Nor has plaintiff shown the ALJ's reliance on the second

18

19   vocational expert's testimony to be misplaced here.

20   "An ALJ may take administrative notice of any reliable job information provided by" a

21

22

23   [1] As the Ninth Circuit has further explained:

24       . . . It is immaterial that the evidence in a case would permit a different conclusion than that
         which the [Commissioner] reached.  If the [Commissioner]'s findings are supported by
25       substantial evidence, the courts are required to accept them.  It is the function of the
         [Commissioner], and not the court's to resolve conflicts in the evidence.  While the court may
         not try the case de novo, neither may it abdicate its traditional function of review.  It must
26       scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are
         rational.  If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

ORDER - 4

vocational expert." Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005).  Further, as

defendant points out, a vocational expert's "recognized expertise provides the necessary

foundation for his or her testimony," and therefore "no additional foundation is required." Id.

Given that, as defendant points out, plaintiff did not object to the second vocational expert's

qualifications (see AR 89), and in light of plaintiff's failure to point to any specific problem of

unreliability with that expert's testimony itself, the Court finds she has presented no reasonable

basis for challenging the ALJ's reliance thereon.

Lastly, but perhaps more importantly, given that it is the second ALJ's decision that

constitutes the Commissioner's final decision in this case and thus that forms the basis of

plaintiff's appeal, this Court is without authority to review or uphold the prior ALJ's findings.

See Califano v. Sanders, 430 U.S. 99, 108 (1977) (judicial review limited to "final decision" of

Commissioner of Social Security); 42 U.S.C. § 405(g).  Accordingly, the Court finds plaintiff

has failed to show the ALJ's determination that she could perform her past relevant work to have

been improper on the basis of its inconsistency with the prior ALJ's findings. See Tackett v.

Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999) (claimant has burden to show that he or she is

unable to return to his or her past relevant work).

II.    The Weight the ALJ Gave to the Opinion of Dr. Gutierrez

The ALJ is responsible for determining credibility and resolving ambiguities and

conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998).

Where the medical evidence in the record is not conclusive, "questions of credibility and

resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639,

642 (9th Cir. 1982).  In such cases, "the ALJ's conclusion must be upheld." Morgan v.

Commissioner of the Social Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999).  Determining

ORDER - 5

whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725.  The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id.  The ALJ also may draw inferences "logically flowing from the evidence." Sample, 694 F.2d at 642.  Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." Magallanes v. Bowen, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996).  Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31.  However, the ALJ "need not discuss all evidence presented" to him or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original).  The ALJ must only explain why "significant probative evidence has been rejected." Id.; see also Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981); Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. See Lester, 81 F.3d at 830.  On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Thomas v. Barnhart,

278 F.3d 947, 957 (9th Cir. 2002); Batson v. Commissioner of Social Sec. Admin., 359 F.3d

1190, 1195 (9th Cir. 2004); see also Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001);

Matney on Behalf of Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992).  An examining

physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician."

Lester, 81 F.3d at 830-31.  A non-examining physician's opinion may constitute substantial

evidence if "it is consistent with other independent evidence in the record." Id. at 830-31;

Tonapetyan, 242 F.3d at 1149.

With regard to the opinion of Dr. Gutierrez, the ALJ found in relevant part as follows:

The Appeals Council has instructed the undersigned to evaluate further the
treating provider's opinion, giving specific and convincing reasons if the
opinion is rejected.  Dr. Gutierrez completed a disability questionnaire in
September 2008 (Exhibit 37F).  He noted that although the claimant was
currently taking Clonazepam, resolution of mental health symptoms seemed
impossible.  She inconsistently met with her mental health counselor.  He
opined the claimant suffered marked deficit in activities of daily living, social
functioning, and concentration, persistence, and pace.  She has experienced at
least four episodes of decompensation.  He opined the claimant has suffered
these limitations since adolescence.  Substance use had no affect [sic] on the
claimant's mental health symptoms, which included moodiness, irritability,
recurring nightmares, and pseudohallucinations.  He stated substance abuse
was secondary to underlying mental disorders.  This opinion is given limited
weight.  As the claimant's treating physician who has treated and observed the
claimant's impairments over time, Dr. Gutierrez is in an advantageous
position to assess the effect of her impairments on her functional ability.
Unfortunately, his opinion does not provide the undersigned with reasoned
explanations that would prove useful in assessing residual functional capacity.
For example, he failed to apply reasoned analysis in linking clinical findings
to the level of limitation.  Instead, he simply noted the claimant was clingy,
whiny, and dependent.  He observed her to be restless and fidgety.  She felt
depressed because a close friend died.  Judgment varied from fair to poor.
She told him she feared her rapist when alone.  These findings do not explain
why, as he opined, the claimant has marked deficits in grooming, cooking,
cleaning, shopping, communicating, persisting, concentrating, or completing
tasks.  With the absence of specific evidence to support his opinion, he
appears to rely on the claimant's self-report of symptoms, which Dr. [Todd]
Bowerly's objective testing showed to be amplified.  Furthermore, evidence
clearly contrasts with this doctor's findings.  The claimant's mother stated
mental health symptoms began in February 2004, not adolescence, as Dr.

ORDER - 7

Gutierrez noted. (Exhibit 28E/5).  The claimant admitted she is able to perform many tasks that Dr. Gutierrez opined she has marked difficulty performing.  For example, she cares for her husband by preparing meals for him, and ensuring he bathes and brushes his teeth.  She spends up to two hours preparing large meals.  She prepares task lists for her husband.  She has no problem performing personal care.  She performs household chores, such as washing dishes, vacuuming, and laundering and folding clothes.  She spends up to two hours washing dishes.  She commutes by driving, walking, receiving rides from others, and using public transport.  She shops in stores for cigarettes, diet pills, personal items, and food. (Exhibit 5E).  A psychological evaluator reported intact concentration based on objective test results. (Exhibit 22F/7).  Evidence also suggests drug use has contributed to mental health symptoms, in contrast to Dr. Gutierrez's opinion.  For example, in February 2006, the claimant experienced hallucinations with recent methamphetamine use.  She reported to an emergency department, where she was mildly psychotic.  Dennis Ford, M.D., diagnosed acute psychosis with hallucinations, methamphetamine related. (Exhibit 10F/2).  To provide another example, the claimant told her treating provider she was experiencing severe mood swings.  The claimant attributed mood swings to hormones she was taking with the hope of becoming pregnant.  In addition, she reported no anxiety in October 2007. (Exhibit 33F).  This evidence shows the claimant retains the ability to perform many activities of daily living, engage in social interaction, and concentrate for extended periods.

AR 133-34.  Plaintiff argues the ALJ erred in rejecting Dr. Gutierrez's opinion on the basis that her drug use contributed to her mental health problems.  Specifically, she asserts the ALJ should have first considered the opinion of Dr. Gutierrez without first separating out the evidence in the record concerning her drug use.  The Court agrees.

A determination of disability may not be made if alcoholism or drug addiction would be "a contributing factor material to" that determination. Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001) (citing 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J); 20 C.F.R. § 404.1535(a), § 416.935(a)).  To determine whether alcoholism or drug addiction is a materially contributing factor, the ALJ first must conduct the five-step disability evaluation process "without separating out the impact of alcoholism or drug addiction." Id. at 955.  If the claimant is found to be not disabled, he or she "is not entitled to benefits." Id.  If disability is found "and there is 'medical

1   evidence of drug addiction or alcoholism,'" the ALJ proceeds "to determine if the claimant

2   'would still [be] disabled if [he or she] stopped using alcohol or drugs.'" Id. (citing 20 C.F.R. §

3   404.1535, § 416.935).  Thus, if a claimant's current limitations "would remain once he [or she]

4   stopped using drugs and alcohol," and those limitations are disabling, "then drug addiction or

5   alcoholism is not material to the disability, and the claimant will be deemed disabled." Ball v.

6   Massanari, 254 F.3d 817, 821 (9th Cir. 2001).

7          Clearly here, at least in terms of his rejection of Dr. Gutierrez's opinion, the ALJ failed to

8   follow the above two-step process for evaluating the materiality of plaintiff's drug abuse, and to

9   that extent he thus erred.  However, the Court finds that error to be harmless[2] given the other

10  reasons the ALJ gave for rejecting that opinion.  For example, as noted above the ALJ pointed to

11  a lack of "reasoned explanations" or specific evidentiary support for the marked limitations Dr.

12  Gutierrez found. See Batson, 359 F.3d at 1195 (even opinion of treating physician need not be

13  accepted if inadequately supported by clinical findings).  Given that lack of specific supporting

14  evidence and analysis (see AR 394-402), the ALJ was not remiss in surmising that Dr. Gutierrez

15  primarily relied on plaintiff's self-report. See Morgan, 169 F.3d at 601 (opinion of physician

16  premised to large extent on claimant's own accounts of his or her symptoms and limitations may

17  be disregarded where those complaints have been properly discounted).[3]

18

19

20

21  _____

22  [2] See Stout v. Commissioner, Social Security Admin., 454 F.3d 1050, 1055 (9th Cir. 2006) (error harmless where non-prejudicial to claimant or irrelevant to ALJ's ultimate disability conclusion); see also Parra v. Astrue, 481 F.3d 742, 747 (9th Cir. 2007) (finding any error on part of ALJ would not have affected "ALJ's ultimate decision.").

23  [3] As noted by defendant, plaintiff does not challenge the ALJ's determination that she is not fully credible regarding her subjective complaints and allegations of disabling limitations. See AR 128-31. Citing Ryan v. Commissioner of Social Sec., 528 F.3d 1194 (9th Cir. 2008), plaintiff argues the ALJ erred in rejecting Dr. Gutierrez's opinion on the basis of his reliance on her subjective complaints, because Dr. Gutierrez himself "did not discredit those complaints" and he "support[ed] his ultimate opinion with his own observations." Id. at 1199-2000.  As discussed above, though, while Dr. Gutierrez may not have found plaintiff to be less than fully credible, the ALJ properly pointed out that Dr. Gutierrez's findings fail to adequately explain or support the level of functional limitation he assessed, including his notations regarding plaintiff's fidgetiness, fair to poor judgment and emotional instability. See AR 395. That is, Dr. Gutierrez did not sufficiently indicate how these findings amount to marked limitations in the areas of activities of

ORDER - 9

1   The ALJ, furthermore, pointed to other objective medical and lay witness evidence in the

2   record that conflicts with the marked functional limitations Dr. Gutierrez assessed. See Batson,

3   359 F.3d at 1195 (ALJ need not accept opinion of treating physician if inadequately supported

4   "by the record as a whole"); see also Morgan, 169 F.3d at 601-02 (upholding rejection of

5   physician's conclusion that claimant suffered from marked limitations in part on basis that other

6   evidence of  ability to function, including reported activities of daily living, contradicted that

7   conclusion); Magallanes, 881 F.2d at 754 (finding ALJ properly rejected physician's opinion in

8   part on basis that it conflicted with other medical evidence in record).  In addition, the ALJ noted

9   plaintiff herself admitted being able to perform many of the same activities of daily living in

10  regard to which Dr. Gutierrez found a marked limitation. See Maganallanes, 881 F.2d at 754

11  (finding ALJ properly rejected opinion of physician in part because it conflicted with claimant's

12  own self-reports).  Plaintiff has not challenged any of these additional stated reasons for rejecting

13  Dr. Gutierrez's opinion, nor does the Court find any error therewith.

14                                          CONCLUSION

15          Based on the foregoing discussion, the Court hereby finds the ALJ properly concluded

16  plaintiff was not disabled.  Accordingly, defendant's decision to deny benefits is AFFIRMED.

17          DATED this 19th day of December, 2013.

18

19

20

21

22

23          Karen L. Strombom
            United States Magistrate Judge
24

25

26  daily living, social functioning and concentration, persistence and pace.  This case, therefore, is unlike that in Ryan
    where there was "nothing in the record to suggest" the physician in that case relied on the claimant's own
    "description of her symptoms . . . more heavily than his own clinical observations." 528 F.3d at 1200.

ORDER - 10